UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HISPEC WHEEL & TIRE, INC.,      )
      )
         Plaintiff      )
      )
         v.      )      CAUSE NO. 3:04-CV-340RM
      )
TREDIT TIRE & WHEEL CO., INC.;      )
U.S. WHEEL CORPORATION;      )
GUIDAN, INC; RUEDAS ARGENTINAS SA; )
REUDAS EB SRL; and ELIOT MASON,      )
      )
         Defendants      )

OPINION AND ORDER

Before the court are four motions to dismiss, or stay, or transfer venue filed by five of the six defendants in this case. Tredit Tire & Wheel Co., the only defendant who doesn't challenge either this court's jurisdiction or venue, has filed a memorandum in opposition to the other defendants' motions insofar as those motions might ask for transferring the entire case (including the claims against Tredit) to another jurisdiction. For the reasons that follow, the court denies the defendants' motions except for Ruedas Argentinas SA's motion to dismiss for lack of personal jurisdiction.

THE PARTIES

Plaintiff HiSpec Wheel & Tire, Inc. and defendant Tredit are Indiana corporations with their principal places of business in Elkhart, Indiana.

Defendants U.S. Wheel Corp. and Guidan, Inc. are both California corporations with their principal places of business in California. Ruedas EB SRL and Ruedas Argentinas SA are Argentinian corporations; HiSpec and the Ruedas entities dispute whether either Ruedas entity maintains a place of business in California (or anywhere in the United States). Guidan is a wholly owned subsidiary of Ruedas SA. Eliot Mason resides in and is a citizen of California; Mr. Mason is the president and sole owner of U.S. Wheel corporation.

THE CLAIMS

HiSpec brings the following claims against the defendants:

Count I:     State law breach of contract claim against U.S. Wheel with respect to a settlement agreement in an earlier trademark infringement lawsuit in this court.

Count II:    State law unlawful interference with contractual relations claim against Tredit (relating to the settlement agreement).

Count III:   State law fraud claim against Mr. Mason and U.S. Wheel with respect to fraudulently inducing HiSpec to settle an earlier trademark infringement lawsuit in this court.

Count IV:    Trademark infringement claim against Tredit, U.S. Wheel, Ruedas EB SRL, Ruedas SA, and Guidan under state and federal law, including the Lanham Act, 15 U.S.C. § 1125(a).

Count V:     State law counterfeiting and false advertising claim against

2

Tredit.

Count VI:    State law unlawful interference with actual and prospective

business relationships claim against Tredit.

The court has subject matter jurisdiction over the claims arising under federal law pursuant to 28 U.S.C. § 1331. The court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because those claims "are so related to [the federal law claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

BACKGROUND OF LITIGATION

HiSpec alleges that the corporate defendants have infringed its trademark with respect to certain aluminum wheels it produces. HiSpec has filed two previous lawsuits in this court to enforce its rights against U.S. Wheel's alleged infringement: Cause No. 3:03CV322RM, and Cause No. 3:04CV285RM. HiSpec and U.S Wheel settled the first suit in a written settlement agreement in which U.S. Wheel admitted to infringing HiSpec's trademark rights, and further agreed to cease all sales of the infringing wheels.

Less than a year after HiSpec and U.S. Wheel entered that settlement agreement, HiSpec believed U.S. Wheel had breached the agreement and sued U.S. Wheel again. On or about May 13, 2004, U.S. Wheel presented to HiSpec the declaration of U.S. Wheel president Eliot Mason. That declaration stated, among

3

other things, that U.S. Wheel hadn't imported or sold any of the infringing wheels after entering the settlement agreement that terminated Cause No. 3:03CV322RM. Mr. Mason signed his declaration on May 7, 2004 in Huntington Beach, California, and it was then presented to HiSpec in Indiana. Relying on the facts Mr. Mason stated in his declaration, HiSpec agreed to settle the second lawsuit and stipulated to its dismissal without prejudice.

Further facts are best discussed in the specific context of the various dismissal motions.

### LACK OF SUBJECT MATTER JURISDICTION - RULE 12(b)(1)

Mr. Mason and U.S. Wheel both list Rule 12(b)(1) in their motions' captions, but they don't argue in their briefs that this court lacks subject matter jurisdiction over any of the claims against them. As noted above, the court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 or 1367(a). Mr. Mason's and U.S. Wheel's 12(b)(1) motions will be denied.

### LACK OF PERSONAL JURISDICTION - RULE 12(b)(2)

Mr. Mason, Ruedas EB SRL, and Ruedas Argentinas SA all challenge the court's authority to exert personal jurisdiction over them pursuant to FED. R. CIV. P. 12(b)(2). A federal district court generally "has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d

4

773, 779 (7th Cir. 2003) (citation omitted); *see also* <u>Janmark, Inc. v. Reidy</u>, 132 F.3d 1200, 1201 (7th Cir. 1997). Indiana courts determine their personal jurisdiction over nonresident defendants by first applying Indiana's long arm statute, Indiana Trial Rule 4.4(A), then by asking whether the exercise of personal jurisdiction over a given defendant comports with federal due process. <u>Purdue Research Foundation v. Sanofi-Synthelabo, S.A.</u>, 338 F.3d at 779 (citing <u>Int'l Med. Group, Inc. v. American Arbitration Ass'n, Inc.</u>, 312 F.3d 833, 846 (7th Cir. 2002)); *see also* <u>Anthem Ins. Companies, Inc. v. Tenet Healthcare Corp.</u>, 730 N.E.2d 1227, 1231-1234 (Ind. 2000).

Indiana's long arm statute enumerates eight "acts" a nonresident defendant may commit that would subject him to the personal jurisdiction of Indiana's courts. Indiana Trial Rule 4.4(A). The long arm statute was amended effective January 1, 2003 to include the following language in addition to the eight enumerated bases for personal jurisdiction: "In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Indiana Trial Rule 4.4(A). This amendment leaves it unclear whether a defendant still must satisfy one of the eight enumerated bases for personal jurisdiction or whether Indiana courts may exert personal jurisdiction over any defendant so long as such jurisdiction complies with constitutional due process requirements.

The Indiana Supreme Court has yet to address the issue, but the Indiana Court of Appeals has suggested that personal jurisdiction still is proper only when

the defendant meets one of the eight criteria enumerated in the long arm statute: "if Indiana's long-arm statute was intended to be coextensive with the limits of personal jurisdiction under the Due Process Clause, the enumerated acts listed in Rule 4.4(A) could have been deleted and the Rule could have been rewritten with general language." Pozzo Truck Ctr., Inc. v. Crown Beds, Inc., 816 N.E.2d 966, 969 n.2 (Ind. Ct. App. 2004). This court will follow that example and continue to read Indiana Trial Rule 4.4(A) to permit the exercise of personal jurisdiction only as to defendants who meet one or more of the enumerated criteria.

HiSpec asserts that Mr. Mason satisfies the first three of Rule 4.4(A)'s criteria for personal jurisdiction. These three include:

> the following acts committed by [the defendant] or his or her agent:
> (1) doing any business in this state;
> (2) causing personal injury or property damage by an act or omission done within this state;
> (3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state.

Indiana Trial Rule 4.4(A)(1-3). The long arm statute is satisfied if Mr. Mason's contacts with Indiana fall into one or more of these categories. Anthem v. Tenet, 730 N.E.2d at 1233.

Mr. Mason has never been to Indiana in person, nor does he own any property or maintain any bank accounts in Indiana. He states in his brief that he contacts persons in Indiana by telephone and e-mail, and he estimates that he

does so about twelve times per year. Mr. Mason's company has a significant business relationships with Indiana companies and there is every reason to believe these contacts with persons in Indiana are business related. Dozens of e-mails and telephone calls to persons in the state of Indiana constitute "doing any business" in Indiana. Anthem v. Tenet, 730 N.E.2d at 1241 (defendant's "numerous" correspondences and telephone calls to person in Indiana over three year period held to constitute "doing any business" in Indiana for purposes of satisfying Indiana Trial Rule 4.4(A)(1)). Mr. Mason's contacts[1] with Indiana satisfy Indiana Trial Rule 4.4(A)(1), so the court needn't address whether he satisfies Rule 4.4(A)(2) or (3); meeting one criterion is sufficient. *See* Anthem v. Tenet, 730 N.E.2d at 1233.

Once Indiana's long arm statute has been satisfied, the next step is to determine whether subjecting Mr. Mason to personal jurisdiction in an Indiana court comports with the Due Process Clause of the Fourteenth Amendment. Anthem v. Tenet, 730 N.E.2d at 1233. HiSpec asserts this court has specific

---

[1] Mr. Mason says his contacts with Indiana were all in his official capacity as president of U.S. Wheel, so he should be protected from personal jurisdiction by the "fiduciary shield doctrine," *see* 616 F. Supp. 735, 739 (N.D. Ind. 1985); Ryan v. Chayes Virginia, Inc., 553 N.E.2d 1237, 1239 (Ind. Ct. App. 1990), which prohibits a state's exercise of personal jurisdiction over an individual if the only basis for such jurisdiction is the person's actions in his or her capacity as a fiduciary of a corporation. This rule is an equitable one to be applied, if at all, as is fair in a particular instance. *See* Ryan v. Chayes Virginia, Inc., 553 N.E.2d at 1239-1240. The doctrine has also been thoroughly criticized. *See e.g.*, Intermatic, Inc. v. Taymac Corp., 815 F. Supp. 290, 295-296 (S.D. Ind. 1993) (noting "extensive criticism" and declining to apply the doctrine). Even if the court were inclined to apply the fiduciary shield doctrine, equity would dictate that because Mr. Mason is the president and sole owner of U.S. Wheel, that his actions on behalf of his personally-owned company provide a fair basis for subjecting him to personal jurisdiction in Indiana.

jurisdiction over Mr. Mason, so the court must determine whether there are sufficient minimum contacts between Mr. Mason, this litigation, and Indiana "to say it is fundamentally fair to require [Mr. Mason] to participate in this litigation and to be bound by the judgment of a court sitting in Indiana." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 780.

This fairness determination requires the court to focus on whether the defendant could reasonably have foreseen being haled into an Indiana court with respect to this litigation. Id. "[T]here must be some showing that the defendant purposefully availed [him]self of the privilege of conducting activities within the forum state." Id. (citations omitted). Courts should ask whether "the defendant has deliberately engaged in significant activities within the forum state . . . or whether it has created continuing obligations between itself and a resident of the forum." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 780-781 (citations omitted). While "territorial presence may indeed be an important factor in many cases, it is by no means essential. If, for example, a commercial defendant's efforts are directed toward a particular jurisdiction, the fact that the actor did not actually enter the jurisdiction is not of crucial importance." Id. at 781 (citing Calder v. Jones, 465 U.S. 783, 788-789). Even a "single contact with a forum state may enough to establish specific personal jurisdiction . . . so long as it creates a 'substantial connection' with the forum state and the suit is based on that connection." Anthem v. Tenet, 730 N.E.2d at 1235 (quoting McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957)).

HiSpec's only claim against Mr. Mason is one for fraud based on the declaration he signed just before HiSpec and U.S. Wheel settled their second lawsuit in this court, Cause No. 3:04CV285RM. HiSpec alleges that Mr. Mason caused the declaration to be sent to HiSpec in Indiana, that HiSpec then relied on the declaration to dismiss its suit against U.S. Wheel in this federal court sitting in Indiana, that the declaration caused HiSpec to sue Tredit in this court, and that HiSpec has been injured by misrepresentations in the declaration.

If those allegations are true, Mr. Mason purposely directed his activities toward the State of Indiana, toward Indiana citizen HiSpec, and to this federal court sitting in Indiana. He signed the declaration in California, but the entire purpose of the declaration was to help resolve litigation that was occurring in Indiana with an Indiana corporation, HiSpec. Mr. Mason must have known and intended that his declaration would be delivered to HiSpec. Had Mr. Mason's declaration not been communicated to HiSpec in Indiana, HiSpec could not have relied on it and there would be no basis for HiSpec's fraud claim against him. *See* Short v. Haywood Printing Co., 667 N.E.2d 209, 213 (Ind. Ct. App. 1996) (Under Indiana law, an action for fraud requires three elements: 1) a material misrepresentation of a past or existing fact, 2) that the misrepresentation was made with knowledge of or reckless disregard for the falsity of the statement, and 3) that a third party reasonably and detrimentally relied on the statement.).

Mr. Mason's declaration is the type of "single contact" that establishes a "substantial connection" with Indiana, and his declaration is the entire basis for

HiSpec's lone claim against him. <u>Anthem v. Tenet</u>, 730 N.E.2d at 1235. Traditional notions of fair play and substantial justice are not offended by Mr. Mason being haled into a court in Indiana to answer for signing an allegedly fraudulent declaration—a declaration whose intended and actual effect was the settling of a lawsuit with an Indiana corporation in a court sitting in Indiana. *See* <u>Anthem v. Tenet</u>, 730 N.E.2d at 1241 (nonresident defendant whose only contacts with Indiana were by telephone calls and letters was subject to Indiana's personal jurisdiction where those telephone calls and letters supplied the basis for a fraud claim against defendant); *see also* <u>Rosowsky v. Univ. of Colorado</u>, 653 N.E.2d 146, 149 n.1 (Ind. Ct. App. 1995) ("A defendant should expect to answer in the state of residence of those he defrauded when correspondences and telephone calls were purposefully made to that state in furtherance of the fraud.").

Mr. Mason contends, however, that a forum selection clause on the back of numerous purchase orders governing sales from HiSpec to U.S. Wheel requires that this litigation take place in California. The court needn't decide whether the forum selection clause could suffice to defeat Indiana's personal jurisdiction, or whether the clause should apply to Mr. Mason individually, because the clause's scope is limited to disputes arising from sales governed by those purchase orders. The text of the forum selection clause states: "The rights of the parties and this Purchase Order shall be governed by and construed under the laws of the state in which Buyer is located. . . . The courts of, or the federal courts located in, said state shall be the only courts to have jurisdiction over disputes between the

10

parties hereto."

U.S. Wheel was the buyer on those purchase orders, so the forum selected by the clause was California. Mr. Mason says the clause applies to all litigation between HiSpec and U.S. Wheel. At the same time U.S. Wheel was buying from HiSpec under the purchase order discussed above, though, HiSpec was buying products from U.S. Wheel using a purchase order that conferred exclusive jurisdiction over disputes arising from those orders to "the courts of general jurisdiction of St. Joseph County, Indiana." This "rival" purchase order reinforces what already seems clear from the plain text of U.S. Wheel's purchase: that the forum selection clause only applied to disputes arising from the sale of goods described on the other side any given purchase order. No one contends that today's suit is based on the sales described in any the purchase orders, so the forum selection clause does not apply to this suit.

Accordingly, this court has personal jurisdiction over Mr. Mason as to HiSpec's fraud claim against him. His motion to dismiss for want of personal jurisdiction will be denied.

The Ruedas entities, Ruedas EB SRL and Ruedas Argentinas SA, also seek dismissal for lack of personal jurisdiction over them. Both are Argentinian corporations with no offices, agents, property, or bank accounts in the state of Indiana. HiSpec says the Ruedas entities have an office in California—which the Ruedas companies deny—but this doesn't affect the court's analysis or decision. The relevant question is whether either or both of the Ruedas entities satisfies

Indiana's long arm statute and, if so, whether they have sufficient minimum contacts with Indiana such that it would not offend traditional notions of fair play and substantial justice for them to be haled into an Indiana court to answer HiSpec's claims. *See* Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 780-781.

The Ruedas entities say they have not conducted any business in Indiana. They explain that they sell wheels to their wholly-owned subsidiary, Guidan, which then sells the wheels to Tredit in Indiana. HiSpec has attached to its brief several documents that strongly support its contention that Ruedas EB SRL sold the accused wheels directly to Tredit and shipped at least some of those wheels to Tredit in Indiana. Exhibits 10, 11, and 12 attached to HiSpec's brief are purchase orders listing "Ruedas EB SRL" as the "Vendor" and listing "Tredit Tire & Wheel Co., Inc." after the words "Ship-To". Guidan's name appears nowhere on these purchase orders. Each purchase order contains a different "Ship-To" address for Tredit; one is in Florida, one in Texas, and one is in Elkhart, Indiana. All the orders were for the accused "star" wheels.

The record also contains several e-mails and a letter from Daniel Pustilnik, president and partner of both Ruedas entities, to Tredit employees in Indiana soliciting sales of the accused wheels and instructing Tredit to place orders directly with Ruedas EB SRL in Argentina. Mr. Pustilnik instructed Tredit to list "Ruedas EB SRL" as the vendor on their purchase orders, and to make the purchase order to the following address: "Ruedas EB SRL, Jose Ingenieros 4301,

1605 Munro, Buenos Aires, Argentina." These communications from Mr. Pustilnik to Tredit list under his name the names of both Ruedas entities: "Ruedas EB SRL/Ruedas Argentinas SA."

To summarize, Ruedas EB SRL's president solicited business from Tredit, an Indiana corporation, by means of numerous written correspondences directed to Tredit in Indiana. Mr. Pustilnik instructed Tredit to order the wheels directly from Ruedas EB SRL in Argentina. At least one purchase order shows that Ruedas EB SRL sold the accused wheels to Tredit and shipped them to Elkhart, Indiana. Other purchase orders show Ruedas EB SRL shipped still more wheels to Tredit in Florida and Texas. Based on this documentary evidence the court finds that Ruedas EB SRL has "purposefully availed itself of the privilege of conducting activities within the forum state" of Indiana. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 780 (citation omitted).

The commercial conduct evidenced by these documents easily satisfies Indiana Trial Rule 4.4(A)(1) which speaks of "doing any business" in Indiana. See Anthem v. Tenet, 730 N.E.2d at 1241. Further, Ruedas EB SRL has maintained sufficient minimum contacts with Indiana to support specific personal jurisdiction on claims arising from the sale of the accused "star" wheels to Tredit in Indiana. Ruedas EB SRL's sales of the "star" wheels to Tredit and the shipment of those wheels to Indiana are "contacts that demonstrate a real relationship with the state with respect to the transaction at issue." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 780 (citation omitted). No business activity is more

13

relevant to HiSpec's trademark infringement claim than the sale and shipment of the allegedly infringing wheels into the state of Indiana to an Indiana corporation. This court has personal jurisdiction over Ruedas EB SRL, and its motion to dismiss for lack of personal jurisdiction will be denied.

HiSpec urges the court to consider Ruedas EB SRL and Ruedas Argentinas SA as one and the same entity. HiSpec writes: "As an aside, since from so much of the correspondence of Ruedas they make no distinction between the actions of Ruedas EB and Ruedas Argentinas, Hispec submits there is no need to make that distinction here as well." Apart from this, HiSpec provides no argument in support of this court's exercise of personal jurisdiction over Ruedas Argentinas SA. Although Mr. Pustilnik's correspondence with Tredit routinely identified him as the "President/Partner" of "Ruedas EB SRL/Ruedas Argentinas SA", this doesn't mean the two companies are one and the same; it means only that Mr. Pustilnik is the President and Partner of both. The purchase orders and the correspondence in the record all indicate that the actual vendor of the "star" wheels was Ruedas EB SRL. The only mention of Ruedas Argentinas SA on these documents was below Mr. Pustilnik's name, in reference to his title.

On this record, there has not been a showing that Ruedas Argentinas SA has established sufficient minimum contacts with Indiana to warrant this court's exercise of personal jurisdiction. Ruedas Argentinas SA's motion to dismiss for lack of personal jurisdiction will be granted.

14

IMPROPER VENUE - RULE 12(b)(3)

Mr. Mason and U.S. Wheel also urge the dismissal of the claims against them pursuant to FED. R. CIV. P. 12(b)(3) for improper venue. U.S. Wheel's only basis for its 12(b)(3) motion is the forum selection clause that appeared on several purchase orders governing the sale of goods from HiSpec to U.S. Wheel. This is the same forum selection clause discussed above with respect to Mr. Mason's 12(b)(2) motion. For the reasons already stated, the clause doesn't apply to this dispute because HiSpec's claims don't arise from any of the purchase orders that included the forum selection clause. The court will not read the clause so expansively as to make it govern all disputes between HiSpec and U.S. Wheel. U.S. Wheel's motion to dismiss for improper venue will be denied.

Mr. Mason objects to this court's venue based on 28 U.S.C. § 1391(b), which states that claims such as those HiSpec brings against him generally may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391 (b).

The only claim against Mr. Mason is a state law fraud claim based on his declaration that allegedly led HiSpec to settle its second suit with U.S. Wheel in this court. HiSpec argues that part (2) of § 1391(b) is satisfied because "a

15

substantial part of the events or omissions giving rise to the claim occurred" in Indiana. Mr. Mason disagrees "because the only 'event' giving rise to the claim was [his] signing of the Declaration in California. Since the 'event' did not occur in Indiana, venue is improper as to Mr. Mason."

As previously noted, a plaintiff alleging fraud under Indiana law must establish three elements: 1) that defendant made a material misrepresentation of a past or existing fact, 2) that the misrepresentation was made with knowledge of or reckless disregard for the falsity of the statement, and 3) that a third party reasonably and detrimentally relied on the statement. Short v. Haywood Printing Co., 667 N.E.2d at 213. HiSpec's reliance and the allegedly detrimental effects of that reliance indisputably occurred in the State of Indiana. Such detrimental reliance is indispensable to a valid fraud claim. Accordingly, a substantial portion of the events giving rise to HiSpec's fraud claim against Mr. Mason occurred in Indiana, so venue is not improper under 28 U.S.C. § 1391(b). That Mr. Mason gave his declaration for the purpose of resolving litigation that was occurring in a federal court that sits in Indiana and knew his declaration would be communicated to HiSpec in Indiana reinforces the propriety of venue in the Northern District of Indiana. Mr. Mason's motion to dismiss for improper venue will be denied.


REQUEST FOR STAY - FIRST-TO-FILE RULE

U.S. Wheel asked the court to stay these proceedings under the first-to-file

16

rule. *See e.g.*, <u>Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.</u>, 179 F.R.D. 264, 269 (C.D. Cal. 1998) (stating rule that "when a complaint involving the same parties and issues has already been filed in another district," courts may transfer, stay or dismiss any duplicative case.). The basis for U.S. Wheel's first-to-file argument was the declaratory judgment action it filed against HiSpec in the Central District of California about six weeks before HiSpec amended its complaint to add U.S. Wheel as a defendant in the present action. The district court in California dismissed U.S. Wheel's declaratory judgment action on February 8, 2005, stating, (1) "the Indiana suit is pending and can comprehensively resolve the issues in question," (2) that exercising jurisdiction over U.S. Wheel's declaratory judgment action would "thwart plaintiff Hispec's chosen forum," and (3) that U.S. Wheel's action was "both anticipatory and the result of forum-shopping." Dismissal of the California action renders moot U.S. Wheel's requests for a stay. Its motion to stay will be denied.

Forum Non Conveniens - 28 U.S.C. § 1404(a)

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). All defendants except Tredit ask the court to transfer this case to the Central District of California where U.S. Wheel and Guidan have their principal places of business, and where Mr. Mason resides.

17

The statute lists three factors the court must weigh in making its determination: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. 28 U.S.C. § 1404(a). "'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" In re Nat'l Presto Indus., Inc., 347 F.3d 662, 664 (7th Cir. 2003) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

*Parties' Convenience*

The court first considers the convenience of the parties. HiSpec and Tredit both argue that an Indiana forum would be more convenient for them. Both are Indiana corporations with their principal places of business in Elkhart, Indiana. They say that conducting the litigation in Indiana will ease the burden and cost of producing witnesses, documents, and other evidentiary materials that are central to the issues involved in this case.

Conversely, U.S. Wheel and Mr. Mason say they would be inconvenienced by litigating this case in Indiana. U.S. Wheel's principal place of business is in California and Mr. Mason resides in California. U.S. Wheel specifically contends that it would suffer the same inconvenience and expense by litigating in Indiana that HiSpec and Tredit would incur by litigating in California. U.S Wheel's witnesses, documents, and other evidentiary materials are located in California. Mr. Mason incorporates U.S. Wheel's arguments as his own (all defendants but Tredit share the same counsel), and access to U.S. Wheel's documents would be

18

important to his defense.

Defendant Guidan also objects to an Indiana forum, but doesn't expressly argue that it would incur extra expenses and inconvenience if required to litigate here. Guidan's arguments instead focus on its view that most witnesses reside in California. Like Guidan, the Ruedas entities object to an Indiana forum, but make no showing that litigating in Indiana would be more inconvenient for them than litigating in California. The Ruedas entities say they maintain no offices in the United States, so, while litigating in this country might be unavoidably inconvenient for them, there is no basis for saying either an Indiana or California forum would add to or subtract from that inconvenience.

In sum, the convenience of the parties seems to be evenly divided between Indiana and California. HiSpec and Tredit[2] have shown Indiana would be more convenient and less costly for them; U.S. Wheel and Mr. Mason have made a similar showing as to California. Guidan and the two Ruedas companies haven't provided the court any basis to determine which forum would be more convenient for them. The convenience of the parties doesn't favor either California or Indiana.

### *Witnesses' Convenience*

The most recent count of the depositions taken in this case is found in the

---

[2] Some of the defendants argue that Tredit's convenience shouldn't factor into this balancing because their motions don't seek to transfer HiSpec's claims against Tredit; the movants seek to split this litigation, sending some claims to California while keeping those against Tredit here in Indiana. For reasons discussed below, the court favors consolidated litigation, *see* Van Dusen v. Barrack, 376 U.S. 612, 643-646 (1964), so it weighs the convenience of Tredit along with that of the other parties.

Ruedas companies' reply brief. They stated that fourteen depositions had been taken in the case to that point: six in Indiana, five in California, and three in other states. These numbers show that an almost identical number of witnesses will be inconvenienced whether this case proceeds in Indiana or is transferred to California. More important than the raw number of witnesses from each jurisdiction, however, is the number of nonparty witnesses from Indiana and California. *See* <u>Kendall U.S.A., Inc. v. Cent. Printing Co.</u>, 666 F. Supp. 1264, 1268 n.3 (N.D. Ind. 1987) (noting the difficulties of compelling the attendance at trial of nonparty witnesses who must travel more than 100 miles). The record before the court suggests that of the ten nonparty witnesses who have been deposed in this case, five reside in Indiana, one resides in California, and four reside in other states. These numbers tip the "convenience of the witnesses" factor in favor of Indiana.

## *Interests of Justice*

The "interests of justice" factors "relate to the efficient administration of justice." <u>Coffey v. Van Dorn Ironworks</u>, 796 F.2d 217, 221 (7th Cir. 1986). One relevant factor is that "related litigation should be transferred to a forum where consolidation is feasible." <u>Id.</u> (citing <u>Van Dusen v. Barrack</u>, 376 U.S. at 643-646). This factor urges against sending the claims against the Californian and Argentinian defendants to California while closely related litigation with Tredit is maintained here. "In a diversity action it is also considered advantageous to have

20

federal judges try a case who are familiar with the applicable state law." <u>Coffey v. Van Dorn Ironworks</u>, 796 F.2d at 221 (citing <u>Van Dusen v. Barrack</u>, 376 U.S. at 645). HiSpec brings many of its claims under Indiana state law, so this factor also weighs in favor of an Indiana forum.[3] None of the defendants has raised any "interests of justice" factors that favor a California forum, so the "interests of justice" would best be served in an Indiana court.

After weighing the three factors listed in 28 U.S.C. § 1404(a), the court finds that the convenience of the parties is quite evenly divided between Indiana and California, but that the convenience of the witnesses and the interests of justice favor an Indiana forum. Accordingly, the defendants' motions to transfer the case under 28 U.S.C. § 1404(a) will be denied. The Ruedas entities also moved to dismiss the claims against them based on forum non conveniens. Dismissal for forum non conveniens requires an even stronger showing of inconvenience than is needed to support a transfer under § 1404(a). <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 264-265 (1981). Because even a transfer under § 1404(a) is not appropriate in this case, it follows that the Ruedas entities cannot succeed in their efforts to have the claims against them dismissed. Their motion to dismiss for forum non conveniens will be denied.

CONCLUSION

---

[3] It is unclear whether Indiana law governs HiSpec's breach of contract claim against U.S. Wheel, but the rest of HiSpec's state law claims appear to arise under Indiana law.

For the foregoing reasons, the Ruedas entities' motion to dismiss or change venue [docket no. 56] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as the court holds that it lacks personal jurisdiction over Ruedas Argentinas SA. The motion is DENIED in all other respects. Eliot Mason's motion to dismiss or change venue [docket no. 26] is DENIED. Guidan's motion to change venue [docket no. 28] is DENIED. U.S. Wheel's motion to stay or change venue [docket no. 30] is DENIED. HiSpec's motion for leave to file a surreply [docket no. 47] is DENIED AS MOOT.

SO ORDERED.

ENTERED: August 11, 2005

/s/Robert L. Miller, Jr.
Chief Judge
United States District Court