UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HISPEC WHEEL & TIRE, INC., | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:04-CV-340RM ) |
| TREDIT TIRE & WHEEL CO., INC., et al., | ) ) |
| Defendants | ) |

OPINION AND ORDER

HiSpec Wheel & Tire sues U.S. Wheel Corporation alleging it infringed on a trademark HiSpec has in a certain aluminum wheel design, and that U.S. Wheel has breached a settlement agreement. The parties have filed cross-motions for partial summary judgment, but before the court can address the merit of their motions, HiSpec seeks leave to file a surreply in opposition to U.S. Wheel's motion for judgment on the infringement claims. Because the time provided for a response has lapsed, the motion for leave to file a surreply is ripe for ruling. For the reasons that follow, the court denies HiSpec's motion.

HiSpec says it is entitled to file a surreply because "as a matter of procedural due process it is not proper for a party to present new arguments or evidence in its reply brief." The court agrees that "[a]rguments that first appear in a reply brief are deemed waived," Hart v. Transit Mgmt. of Racine, Inc., 426 F.3d 863, 867 (7th Cir. 2005), but U.S. Wheel hasn't raised any new arguments in its reply brief. In its opening brief, U.S. Wheel says "HiSpec cannot meet its burden

of proof on the element of 'functionality' — that the design of the Series 4 is not functional — because Brad Richards, HiSpec's President, admits that the design is functional in both the utilitarian sense and aesthetic sense." HiSpec argues in its response that "the test of 'functionality' for trademark purposes is more limited," and that "U.S. Wheel offers no evidence that the design of the Series 4 wheel is essential to the use or purpose of the wheel." In its reply brief, U.S. Wheel says the Series 4 wheel is functional because the design is essential to its use or purpose; U.S. Wheel again cites Mr. Richards's deposition testimony.

    U.S. Wheel's argument is the same in its opening brief and its reply brief — that the wheel design is functional. Although HiSpec takes issue with the legal standard U.S. Wheel argues in its opening brief, the determination of the correct legal standard to apply in evaluating functionality is a question of law reserved for the court. Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 855 n.15 (1982). For its part, HiSpec cites the test it believes the court should apply. HiSpec had an opportunity to (and did) contest U.S. Wheel's argument that the Series 4 wheel design is functional, so the court cannot say HiSpec was prejudiced by U.S. Wheel presenting the same argument in its reply brief under a test HiSpec professes as the correct legal standard. *See, e.g.,* Nalco Chemical Co. v. Hydro Technologies, Inc., 809 F. Supp. 672, 676 (E.D. Wis.1992) (the defendants were not entitled to file a surreply on issue raised in both the plaintiff's principal brief and the defendants' responsive brief).

HiSpec also argues it should be able to file a surreply because U.S. Wheel relies on new evidence in its reply that the design is essential to the purpose of the wheel. The court disagrees because U.S. Wheel doesn't rely on evidence not previously cited. In its opening brief, U.S. Wheel cites Mr. Richards's deposition testimony in support of its functionality argument; in its reply, U.S. Wheel again cites Mr. Richards's testimony. Indeed, both parties relied on several portions of Mr. Richards's testimony in support of their argument.

Accordingly, HiSpec's motion for leave to file a surreply [Doc. No. 155] is DENIED.

SO ORDERED.

Entered:  October 31, 2006 

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: counsel of record