THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HISPEC WHEEL & TIRE, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:04-CV-340RM |
| ) | |
| TREDIT TIRE & WHEEL CO., INC., et al., ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

On January 9, the court entered an order granting U.S. Wheel's motion for summary judgment on HiSpec's infringement claim. HiSpec now seeks reconsideration of the court's summary judgment order. For the reasons that follow, the court denies HiSpec's motion.

HiSpec seeks relief from portions of the court's order under FED. R. CIV. P. 60(b), but because the motion was served within ten days from the entry of the order, the court treats it as a motion under FED. R. CIV. P. 59(e). Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir. 1995) ("The time of a motion's service controls whether a motion challenging a judgment is a 60(b) or a 59(e) motion.... [s]uch a motion, if served within ten days of a final judgment, is a 59(e) motion.").[1]  A court may grant a Rule 59(e) motion to alter or amend a

---

[1] Motions seeking relief under FED. R. CIV. P. 60(b) must be shaped to the specific grounds for modification or reversal listed in the rule—they cannot be "general pleas for relief." United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992).

judgment if the movant presents newly discovered evidence that was not available at the time of the decision or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. Matter of Prince, 85 F.3d 314, 324 (7th Cir. 1996). "Manifest error isn't demonstrated by the disappointment of the losing party .... [i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

HiSpec doesn't point to any new evidence that wasn't available at summary judgment. It argues that the court didn't "accurately take note of certain critical facts" in concluding HiSpec couldn't show that the Series #4 design had acquired a secondary meaning. Hispec says the court erroneously concluded that the direct consumer testimony as to secondary meaning in the Series #4 didn't weigh HiSpec's favor, failed to consider the legal significance of HiSpec's exclusive use of the Series #4 design, and didn't give sufficient weight to evidence of increased sales for the Series #4 design. The court doesn't agree.

In concluding the direct consumer testimony about the Series #4 design didn't weigh in HiSpec's favor, the court gave Mr. O' Rourke's sworn statement due weight. Mr. O' Rourke affirmed that "Tredit is a purchaser of cast aluminum wheels from importers ... [which] ... Tredit resells [ ] to manufacturers of trailers," and that "[i]n the marketing of tire and wheel assemblies to [trailer manufacturers], Tredit competes directly against other distributors of wheels..." Mr. O'Rourke also said he believed "there had been no other cast aluminum wheel

2

that was not easily distinguishable from the Series 4 wheel offered for sale in the trailer market for at least several years."

HiSpec has never asserted, and nothing in the record suggests, that Tredit was part of the relevant buying class for the Series #4 wheel during the period in question. Yet, HiSpec now says Tredit was acting as a customer, but it cites no supporting facts in the record or legal authority. HiSpec's brief in opposition to summary judgment and Mr. O' Rourke's sworn statement indicate that the target of HiSpec's marketing for the Series #4 was the manufacturers of the trailers, such as Thomas Pontius, the owner of a local trailer manufacturer, whose testimony was considered as direct consumer testimony. As the court's order noted, Mr. O' Rourke's testimony isn't probative of a strong connection in the mind of the relevant consuming public between the Series #4 design and HiSpec. *See* Echo Travel, Inc. v. Travel Associates, Inc., 870 F.2d 1264, 1268 n.7 (7th Cir. 1989)(quoting MCCARTHY § 15:13 at 688-689) ("The conclusory testimony of dealers and wholesalers as to consumer recognition is often characterized as of 'little value', since it may be biased and does not necessarily reflect the views of the consumer class.").

As for Mr. Minne's statement that he personally associates the Series #4 design with HiSpec, that portion of his testimony (page 59, lines 16 through 24) wasn't cited in HiSpec's statement of genuine issues of material facts nor its argument section, and "[i]t is not the duty of the district court to scour the record in search of material factual disputes." Roger Whitmore's Auto. Services, Inc. v.

3

Lake County, Illinois, 424 F.3d 659, 664 n.2 (7th Cir. 2005). The only direct consumer testimony that HiSpec cited was Mr. Pontius's sworn statements, and the court considered those. The portions of Mr. Minne's testimony that were referenced (pages 45, 60, 62) were cited in support of HiSpec's assertion that its distributors advertised on its behalf.[2]

Mr. Minne's deposition testimony indicates he is a distributor or dealer of HiSpec wheels—he has bought HiSpec wheels and resold them to trailer manufacturers. His position in the distribution chain arguably could make his statements direct consumer testimony, but HiSpec did not present the argument that dealers were part of the relevant buyer class at summary judgment, so HiSpec cannot advance it now. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) (a Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment."); see also Sassafras Enterprises, Inc. v. Roshco, Inc., 915 F. Supp. 1, 7 (N.D. Ill. 1996) (the state of mind of a dealer can be important when the relevant buyer class is shown to consist of both dealers and ultimate consumers).

HiSpec's likelihood of confusion argument at summary judgment also undermines the position it takes now. HiSpec cited Mr. Minne's deposition testimony as evidence that distributors couldn't tell the difference between the

---

[2] These portions of Mr. Minne's testimony were also cited under HiSpec's likelihood of confusion argument section as discussed below.

Series #4 design and the Series #35 design. HiSpec said it logically followed that the consuming public also couldn't differentiate between the wheel designs. HiSpec's argument indicates that it viewed Mr. Minne and the other distributors as different from ultimate consumers.

Even if the court had considered Mr. Minne's testimony as to his knowledge of the source of the Series #4 design at summary judgment, the probative value of the testimony would have been minimal. *See* Echo Travel, Inc. v. Travel Associates, Inc., 870 F.2d at 1268 n.7 (quoting MCCARTHY § 15:13 at 688-689). Mr. Minne knew HiSpec produced the Series #4 wheels because he was part of the distribution chain, not because he was privy to his customers' mental state. Indeed, when asked "do you think your customers associate that design [Series #4] with any one manufacturer," Mr. Minne responded, "I can't answer that for my customers."

HiSpec also argues the court failed to give sufficient consideration to its exclusive use of the Series #4 design, which HiSpec says is indicative that the previous manufacturers of similar 5-star aluminum wheels had abandoned a possible trademark in their designs. In support of its argument, HiSpec cites 15 U.S.C. § 1052, which deals with trademark registration. It now says the statute is "presumptive of secondary meaning as to warrant granting a federal registration which is prima facie proof of secondary meaning." HiSpec didn't articulate any such argument under § 1052 at summary judgment, so it cannot advance such a theory now. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d at 1267.

Finally, HiSpec says the court gave too little weight to evidence of increased sales for the Series #4 design. Nothing in HiSpec's motion for relief from judgment, however, suggests to the court that it gave insufficient consideration to sales figures submitted.

The plaintiff hasn't clearly established a manifest error of law or fact in the court's order, so its motion for relief from judgment is DENIED [Doc. No. 165].

SO ORDERED.

Entered:   January 16, 2007

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court